UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BRUCE BANKS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-00473 |
| VILLAGE OF BELLWOOD, an Illinois Municipal Corporation; OFFICER WARREN HERNANDEZ, individually and as an agent of THE VILLAGE OF BELLWOOD; and OFFICER SCOTT GULIANO, individually and as an agent of THE VILLAGE OF BELLWOOD, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Village of Bellwood moves to dismiss Count III of Plaintiff Bruce Banks' First Amended Complaint and moves to strike certain language from Counts I and II of Plaintiff's Complaint. For the reasons presented below, Defendant's motions are granted.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming his rights were violated under the Constitution of the United States. Plaintiff is the step-father of Shannon Atkins, who has a child with Lisa Walter. On March 6, 2010, Lisa Walter approached Plaintiff's home, located at 415 46th Avenue in Bellwood, Illinois. Walter was apparently attempting to locate Plaintiff's step-son, Shannon Atkins, and the infant daughter Walter and Atkins have together. When Walter was informed by Plaintiff's

wife that Atkins was not present, Walter left Plaintiff's home. Walter arrived again at Plaintiff's home later that day accompanied by Defendants Warren Hernandez and Scott Guliano, on-duty police officers employed by Defendant Village of Bellwood. Plaintiff claims during the visit by Defendants Hernandez and Guliano, the officers used excessive and unlawful force in restraining Plaintiff, caused him injury, held him without probable cause, and deprived him of his Fourth Amendment rights.

Following this incident, Plaintiff filed suit in the Circuit Court of Cook County, Illinois, on December 17, 2010. In January 2011, Defendants removed the action to the U.S. District Court for the Northern District of Illinois. Plaintiff filed his First Amended Complaint in this Court on April 1, 2011.

In it, Plaintiff alleges in Count I that Defendant Warren Hernandez, individually and as an agent of the Village of Bellwood, violated Plaintiff's Constitutional rights by using excessive force while handling Plaintiff, acted without probable cause, and violated his rights in accordance with an express policy of the Village of Bellwood. Count II of the First Amended Complaint alleges the same against Defendant Scott Guliano. Count III alleges a *Monell* claim against the Village of Bellwood. Count IV alleges a claim of false imprisonment against Defendants Hernandez and Guliano, and Count V asserts a claim of false arrest against them. Count VI alleges a claim of battery against Defendants Hernandez and Guliano. Finally, Count VII asserts a claim of indemnification against the Village of Bellwood, claiming the officers were acting as agents of the Village of Bellwood at the time of the underlying incident.

The Village of Bellwood moves to dismiss the *Monell* claim, Count III, under Federal Rule 12(b)(6), as well as strike language in Counts I and II, relating to this *Monell* claim, under Federal Rule 12(f).

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought . . . ." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal* at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal* at 1949 (citing *Twombly* at 570).

The law provides specific requirements to assert a claim against a municipality in a civil rights action. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (*Monell*). When a custom or policy of a government inflicts injury, the government may be liable. *Id.* at 694. There are three ways a municipality's policy may violate a person's civil rights:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by

3

written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (*McTigue*). However, alleging merely "boilerplate allegations of a municipal policy" is grounds for dismissal under Rule 12(b)(6). *Id.* A *Monell* claim that entirely lacks factual support will be dismissed. *Id.* at 383.

Additionally, the Federal Rules permit the court to strike language from a pleading it considers "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The decision to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (*Talbot*).

## ANALYSIS

### Dismissal of Count III Under Federal Rule of Civil Procedure 12(b)(6)

Plaintiff alleges a *Monell* claim in Count III of the First Amended Complaint. Plaintiff states: "Village of Bellwood had in place a governmental custom, policy, or practice, whether it be written or unwritten, express or implied, which adopted, promoted, allowed, or encouraged the unlawful use of excessive force in direct violation of Plaintiffs [sic] Constitutional rights." Plaintiff fails to provide any additional facts or information relating to the Village of Bellwood's custom, policy, or practice. The only examples given that may be construed as part of a government policy are the allegations in Plaintiff's Complaint summarized above.

Plaintiff's claim in Count III is merely a boilerplate allegation of a *Monell* claim. Failure to present a factual basis describing with any particularity the municipality's

4

custom or policy vitiates a *Monell* claim. *See Monell* at 694. While Rule 8 does not require a detailed factual basis, there has to be enough information provided to orient the defendant with the nature of the claim and injury. *McTigue* at 382 (citing *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir. 1994)). Simply claiming the Village of Bellwood had a policy in place without identifying what the policy or custom actually was is not enough to survive a motion to dismiss under Rule 12(b)(6).

### *Striking Policy Allegations in Counts I and II*

Plaintiff's language regarding the Village of Bellwood's institutional policy should also be stricken as redundant pursuant to Federal Rule 12(f). The assertions in Counts I and II regarding the Village of Bellwood's alleged custom or policy must be stricken as redundant of the boilerplate *Monell* claim dismissed in Count III. Similar to the assertions made in Count III, Plaintiff alleges in Counts I and II that Hernandez and Guliano were operating under some Village of Bellwood policy but makes no effort to identify the policy involved or what it provided. Specifically, paragraphs 52 and 53 of Count I and paragraphs 52 and 53 of Count II allege nearly identical claims named in Count III of the Complaint. These paragraphs shall be stricken from Plaintiff's First Amended Complaint, as they are redundant of the dismissed *Monell* claim, which does not survive the 12(b)(6) motion filed by the Village of Bellwood.

## CONCLUSION

For the reasons set forth above, the Village of Bellwood's Motion to Dismiss Count III is granted. Count III of Plaintiff's First Amended Complaint is dismissed without prejudice. The Village of Bellwood's Motion to Strike Policy Allegations in

Counts I and II of the Complaint is also granted; paragraphs 52 and 53 of Counts I and II are stricken without prejudice.

Date: November 9, 2011

JOHN W. DARRAH
United States District Court Judge